

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KC **FILED**

AUG 2 1 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

ROBERT GREEN, individually and as
the representative of a class of similarly-
situated persons,

        *Plaintiff,*

v.

LUXURY REMODELING CORP., d/b/a
SERVICE MASTER CLEAN,

        *Defendant.*

07CV4705
JUDGE HIBBLER
MAGISTRATE JUDGE SCHENKIER

## NOTICE OF FILING OF NOTICE OF REMOVAL

To:  Mr. Brian J. Wanca
3701 Algonquin, Suite 760
Rolling Meadows, IL 60008

Mr. Philip A. Bock
20 N. Wacker Drive, Suite 1741
Chicago, Il 60606

Please take notice that on August 21, 2007, there was filed with the Clerk of the United States District Court for the District of Illinois, Eastern Division, **Defendant's Notice of Removal**, a copy of which is attached hereto and herewith served upon you.

By: _____
Daniel G. Suber

Daniel G. Suber & Associates
Attorneys for Defendant Service
Master
77 W. Washington, Suite 623
Chicago, IL 60602
(312) 899-1811

## CERTIFICATE OF SERVICE

I, Daniel G. Suber, an attorney, certify that a true and correct copy of the foregoing Notice was served upon all counsel of record by depositing the same, on August 21, 2007 in the U.S. Mail chute at 77 W. Washington Street, Chicago, Illinois, with proper postage prepaid.

_____
Daniel G. Suber

KC F I L E D

AUG 2 1 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ROBERT GREEN, individually and as
the representative of a class of similarly-
situated persons,

          *Plaintiff,*

v.

LUXURY REMODELING CORP., d/b/a
SERVICE MASTER CLEAN,

          *Defendant.*

Case No.:

07CV4705
JUDGE HIBBLER
MAGISTRATE JUDGE SCHENKIER

## NOTICE OF REMOVAL

PLEASE TAKE NOTE THAT **SERVICE MASTER ON LOCATION SERVICES CORPORATION, incorrectly sued as LUXURY REMODELING CORP., d/b/a SERVICE MASTER CLEAN,** the defendant in the above entitled case, seeks removal to this court and, in support thereof, alleges as follows:

1.      SERVICE MASTER ON LOCATION SERVICES CORPORATION, a corporation organized and existing under the laws of Illinois with its principal place of business in Chicago, Illinois, is the only defendant in this action.

2.      The action was commenced against the defendant in the Circuit Court of First Judicial Circuit, Cook County, Illinois on July 19, 2007. A copy of the complaint was received by the Defendant on or about July 23, 2007. Service is waived. This notice is filed within thirty (30) days of the defendant receiving notice of the complaint.

3.      This action is a civil one of which the United States District Courts have original jurisdiction in that the complaint, a copy of which is attached and incorporated by reference into this notice, shows that the action arises under an Act of the Congress of the United States. 47 U.S.C. § 227.

4.      The Defendant attaches to this notice a copy of all process and pleadings that have been served upon it. **See**, Exhibit A

WHEREFORE, Defendant LUXURY REMODELING CORP., d/b/a SERVICE MASTER CLEAN prays that this cause be removed to the United States District Court for the Northern District of Illinois, Eastern Division, and for any other relief that this Honorable Court deems just and equitable in the premises.

**DANIEL G. SUBER & ASSOCIATES**

By:_____
Attorneys for Service Master

**NAME**                Daniel G. Suber & Associates
**ATTORNEYS FOR:**      SERVICE MASTER ON LOCATION
**ADDRESS**             77 W. Washington Street, Suite 623
**CITY**                Chicago, Illinois 60602
**TELEPHONE**           312-899-1811
**FAX:**                312-899-1824

STATE OF ILLINOIS ) )
) SS.
COUNTY OF COOK )

KC **F I L E D**

AUG 2 1 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ROBERT GREEN, individually and as
the representative of a class of similarly-
situated persons,

               *Plaintiff*,

v.

LUXURY REMODELING CORP., d/b/a
SERVICE MASTER CLEAN,

               *Defendant*.

07CV4705
JUDGE HIBBLER
MAGISTRATE JUDGE SCHENKIER

## AFFIDAVIT

I, Daniel G. Suber, an attorney, being duly sworn on oath, deposes and says that:

    1.     He is the attorney of the defendant in this cause; and

    2.     He has prepared and read the petition for removal filed in this cause and has

personal knowledge of the facts and matters contained in it; and

    3.     The facts and allegations contained in the petition for removal are true and

correct.

DANIEL G. SUBER

AUGUST 21, 2007

Subscribed and sworn to before
me this 21th day of August, 2007

Notary Public

OFFICIAL SEAL
PATRICIA A CASTRILLON
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/14/09

EXHIBIT A

2120 – Served
2220 – Not Served
2320 – Served By Mail
2420 – Served by Publication
SUMMONS

2121 – Served
2221 – Not Served
2321 – Served By Mail
2421 – Served by Publication
ALIAS – SUMMONS

CCG N001-10M-1-07-05 (

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY _____ DIVISION

(Name all parties)
Robert A. Green, individually and as the representative of a
class of similarly-situated persons

v.

Luxury Remodeling Corp.
d/b/a Servicemaster Clean

**07CH 19001**

No. _____

Please serve:
Luxury Remodeling Corp.
c/o Sameh N. Dachmach, reg. agent
3821 N. Lincoln Ave.
Chicago, IL 60613

**SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 802 _____, Chicago, Illinois 60602

☐ District 2 – Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 – Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 – Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 – Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 – Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

JUN 1 9 2007

Atty. No.: 51306

Name: Brian J. Wanca of Anderson + Wanca

Atty. for: Plaintiff

Address: 3701 Algonquin Road, Suite 760

City/State/Zip: Rolling Meadows, IL 60008

Telephone: 847/368-1500

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____

CLERK OF CIRCUIT COURT

Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

_____ _____
(Area Code)  (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

ROBERT A. GREEN, individually and as )
the representative of a class of similarly- )
situated persons, )
                                        )
               Plaintiff, )         07CH 19000
                                          )
      v. )
                                          )
LUXURY REMODELING CORP. d/b/a )
SERVICEMASTER CLEAN, )
                                          )
               Defendant. )

## CLASS ACTION COMPLAINT

Plaintiff, ROBERT A. GREEN, an Illinois corporation (herein "Plaintiff"), brings this action on behalf of himself and all other persons similarly situated, through his attorneys, and except as to those allegations that pertain to Plaintiff or his attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendant, LUXURY REMODELING CORP. d/b/a SERVICEMASTER CLEAN (herein "Defendant").

## PRELIMINARY STATEMENT

1     This case challenges Defendant's policy and practice of faxing unsolicited advertisements to persons in Illinois and other states.

2.     The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, prohibits a person or entity within the United States from sending or having an agent send unsolicited faxed advertisements. The TCPA provides a private right of action for violations, provides statutory damages of $500.00 per violation, which may be trebled for knowing or willful violations, and authorizes injunctions against the wrongdoer. 47 U.S.C. § 227(b)(3).

3.      Unsolicited faxes damage the recipients. Recipients lose the use of their fax machine, paper, and ink toner. Unsolicited faxes also causes the recipients to waste valuable time they would have spent on something else. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipient fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.      On behalf of himself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the common law of conversion, and the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/2 and the substantially-similar consumer protection statutes of other states.

5.      Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6.      Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendant has transacted business in Illinois and violated state and federal law related to the matters complained of herein. Defendant does business in this state and purposefully directs its business activities at Illinois residents and Illinois fax machines.

7.      Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, et seq. because the Defendant does business in Cook County, Illinois.

8.      Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiff's individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees. Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all damages and fees.

2

## PARTIES

9.    Plaintiff, ROBERT A. GREEN, a resident of Chicago, Cook County, Illinois.

10.   On information and belief, Defendant, LUXURY REMODELING CORP. d/b/a
SERVICEMASTER CLEAN, is an Illinois corporation and operates from 3821 N. Lincoln Ave.,
Chicago, Illinois.

## FACTS

11.   On or about November 2, 2006, Defendant transmitted by telephone facsimile
machine an unsolicited advertisement to Plaintiff's facsimile machine. A copy of the facsimile is
attached hereto and marked as Exhibit A.

12.   Defendant knew or should have known that (i) Exhibit A was an advertisement
and (ii) Defendant did not have permission or invitation to send Exhibit A to Plaintiff and the
other members of the class.

13.   On information and belief, Defendant has sent similar unsolicited facsimile
advertisements to at least 39 other recipients.

14.   There is no reasonable means for Plaintiff (or any other class member) to avoid
receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications
their owners desire to receive.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

15.   Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

16.   In accordance with 735 ILCS 5/2-801, Plaintiff brings this action pursuant to the
Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of
persons:

3

All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, and (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes.

17.    A class action is proper in that:

(a)    On information and belief the class consists of forty or more persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable;

(b)    There are questions of fact or law common to the class that predominate over questions affecting only individual class members, including:

(i)    Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii)    Whether the facsimiles sent by Defendant were material advertising the commercial availability of property, goods, or services;

(iii)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iv)    Whether Defendant sent advertising faxes without obtaining the recipients' prior express permission or invitation for the faxes;

(v)    Whether Defendant violated the provisions of 47 U.S.C. § 227;

(vi)    Whether Plaintiff and the other class members are entitled to statutory damages;

(vii)    Whether Defendant willfully or knowingly violated the provisions of 47 U.S.C. § 227; and

4

(viii)   Whether Defendant engaged in willful or wanton conduct entitling
Plaintiff and the other members of the class to treble damages.

18.     Plaintiff will fairly and adequately protect the interests of the other class
members. Plaintiff's counsel are experienced in handling class actions and claims involving
unsolicited faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict
with the class.

19.     A class action is an appropriate method for adjudicating this controversy fairly
and efficiently. The interest of the individual class members in individually controlling the
prosecution of separate claims is small and individual actions are not economically feasible.

20.     The TCPA makes unlawful the "use of any telephone facsimile machine,
computer or other device to send an unsolicited advertisement to a telephone facsimile machine
...." 47 U.S.C. § 227(b)(1).

21.     The TCPA defines "unsolicited advertisement," as "any material advertising the
commercial availability or quality of any property, goods, or services which is transmitted to any
person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

22,     The TCPA provides:

>   3. Private right of action. A person may, if otherwise
>   permitted by the laws or rules of court of a state, bring in an
>   appropriate court of that state:
>
>   (A)   An action based on a violation of this
>   subsection or the regulations proscribed under this
>   subsection to enjoin such violation,
>
>   (B)   An action to recover for actual monetary
>   loss from such a violation, or to receive $500 in damages
>   for each such violation, whichever is greater, or
>
>   (C)   Both such actions.

5

23.    The TCPA is a strict liability statute, so Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

24.    If the court finds that Defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under subparagraph (B) of this paragraph. 47 U.S.C. § 227(b)(3).

25.    Defendant violated 47 U.S.C. § 227 et seq by transmitting Exhibit A hereto to Plaintiff and the other members of the class without obtaining their prior express permission or invitation.

26.    Defendant's actions caused damages to Plaintiff and the other class members, because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner consumed as a result. Defendant's actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machine for Defendant's illegal purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing and reviewing Defendant's illegal faxes and that time otherwise would have been spent on Plaintiff's business activities.

27.    If the evidence shows Defendant's violation was willful, Plaintiff requests that the court treble the damages.

WHEREFORE, Plaintiff, ROBERT A. GREEN, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendant, LUXURY REMODELING CORP. d/b/a SERVICEMASTER CLEAN, as follows:

A.    That the court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.    That the court award actual monetary loss from such violations or the sum of $500.00 in damages for each violation whichever is greater, and, if Defendant's violation was willful, increase the award to three times the amount awarded per violation;

C.    Enter an injunction prohibiting Defendant from transmitting advertisements by facsimile without the recipient's prior express permission or invitation; and

D.    Awarding costs and for such further relief as the court may deem just and proper, but in any event, not more than $75,000.00 per individual class member inclusive of all damages and fees.

## COUNT II
## CONVERSION

28.    Plaintiff incorporates Paragraphs 1 through 14 as and for Paragraph 28 as though fully set forth herein.

29.    In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons who (1) on or after five years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, and (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes.

30.    A class action is proper in that:

7

(a)     On information and belief the class consists of forty or more persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

(b)     There are questions of fact or law common to the class that predominate over all questions affecting only individual class members, including:

(i)     Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii)    Whether the facsimiles Defendant sent were material advertising the commercial availability of property, goods, and services;

(iii)   Whether Defendant sent advertising faxes without obtaining the recipients' prior express permission or invitation for the faxes;

(iv)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(v)     Whether Defendant committed conversion; and

(vi)    Whether Plaintiff and the other class members are entitled to recover actual damages and other appropriate relief.

31.     Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unsolicited faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the class.

8

32. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

33. By sending Plaintiff and the other class members unsolicited faxes, Defendant improperly and unlawfully converted Plaintiff's fax machine toner, paper, memory, and employee time to its own use.

34. Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members owned an unqualified and immediate right to possession of their fax machine paper, toner, memory, and employee time.

35. Defendant knew or should have known that its misappropriation of Plaintiff's resources was wrongful and without authorization.

36. Plaintiff and the other class members were deprived of valuable resources, which because of Defendant could not be used for any other purpose. Defendant's unsolicited faxes caused unauthorized wear and tear of the class members' machines.

37. Plaintiff and each class member suffered economic damages because they received unsolicited fax advertisements from Defendant.

WHEREFORE, Plaintiff, ROBERT A. GREEN, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendant, LUXURY REMODELING CORP. d/b/a SERVICEMASTER CLEAN, as follows:

A. That the court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class; .

B. That the court award damages;

9

Aug. 9. 2007 2:27PM No. 8062 P. 13/18
Aug. 8. 2007 2:06PM CDC INSURANCE GROUP No.77649 P. 121

C.     That the court award costs of suit; and

D.     Awarding such further relief as the court may deem just and proper, but in any

event, not more than $75,000.00 to any individual class member.

## COUNT III
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### 815 ILCS 505/2

38.     Plaintiff incorporates Paragraphs 1 through 14 as and for Paragraph 38 as though

fully set forth herein.

39.     In accordance with 735 ILCS 5/2-801, Plaintiff, on behalf of the following class

of persons, brings Count III for Defendant's unfair practice of sending unsolicited and unlawful

fax advertisements:

> All persons who (1) on or after three years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendant, and (3) with respect to
> whom Defendant cannot provide evidence of prior express
> permission or invitation for the sending of such faxes.

40.     A class action is proper in that:

(a)     On information and belief the class consists of forty or more persons in

Illinois and throughout the United States and is so numerous that joinder of all members

is impracticable.

(b)     There are questions of fact or law common to the class that predominate

over all questions affecting only individual class members including:

(i)     Whether Defendant engaged in a pattern of sending unsolicited fax

advertisements;

(ii)     Whether the facsimiles sent by Defendant were material

advertising the commercial availability of property, goods, and services;

10

    (iii)    Whether Defendant sent advertising faxes without obtaining the recipients' prior express permission or invitation for the faxes;

    (iv)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

    (v)    Whether Defendant's practice of sending unsolicited faxed advertisements violates the public policy against such faxes;

    (vi)    Whether Defendant's practice of sending unsolicited faxes is oppressive;

    (vii)    Whether Defendant's practice of sending unsolicited faxes substantially injures consumers;

    (viii)    Whether Defendant's practice of sending unsolicited faxes is an unfair practice; and

    (ix)    Whether Plaintiff and the other class members are entitled to recover actual damages, attorney fees, and other appropriate relief.

41.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and claims involving unsolicited faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the class.

42.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

43.     720 ILCS 5/26-3(b) makes it a petty criminal offense to transmit unsolicited facsimile advertisements to Illinois residents and sets a $500.00 fine for each violation of this criminal statute.

44.     Defendant's unsolicited fax practice is an unfair practice, because it violates state and federal public policy.  It forced Plaintiff and the other class members to incur expense without any consideration.

45.     Defendant violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to forty or more persons.

46.     Defendant's misconduct caused economic damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, and wear and tear on their facsimile machines, and the loss of employee time wasted in handling Defendant's faxes.

47.     Through its repeated misconduct, Defendant caused substantial injury to the class and caused them economic damage, including the loss of paper, toner, ink, wear and tear on their facsimile machines, and business interruption.  By faxing unsolicited advertisements to them, Defendant forced the class members to pay for Defendant's advertising campaign, when they had no obligation to pay any portion of Defendant's costs.

48.     Absent a practical mechanism for consumers to gather together to recover for the damages Defendant's unsolicited faxes caused them, there is a substantial danger that consumer facsimile machines will continue to be inundated with an avalanche of unwanted and offensive materials.

12

WHEREFORE, Plaintiff, ROBERT A. GREEN, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendant, LUXURY REMODELING CORP. d/b/a SERVICEMASTER CLEAN, as follows:

      A.     That the court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

      B.     That the court award damages to Plaintiff and the other class members;

      C.     That the court award attorney fees and costs;

      D.     Enter an injunction prohibiting Defendant from transmitting advertisements by facsimile without the recipient's prior express permission or invitation; and

      E.     Award such further relief as the court may deem just and proper, but in any event, not more than $75,000.00 to any individual member.

Respectfully submitted,

ROBERT A. GREEN, individually and as the representative of a class of similarly-situated persons

By: _____

One of Plaintiff's Attorneys

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
Fax: 847/368-1501
Cook County #51306

Phillip A. Bock
DIAB & BOCK, LLC
20 N. Wacker Drive, Suite 1741
Chicago, IL 60606
Telephone: 312/578-4100
Fax: 312/377-0265
Cook County #42073

Aug. 9. 2007  2:28PM
Aug. 8. 2007  2:07PM    CDC INSURANCE GROUP

No. 8062   P. 17/18
No. 7649   P. 16b

**EXHIBIT A**

Aug. 9. 2007  2:28PM
Aug. 8. 2007  2:07PM   CDC INSURANCE GROUP
No. 8062   P. 18/18
No.77848  P. 176

# ServiceMASTER Clean

Disaster Restoration

ServiceMaster on Location
Services
3821 N Lincoln Ave.
Chicago, IL 60613-3519
773/388-9200
847/677-7728
Fax: 773/388-9201
Email: sam@servicemasterciry.com
www.servicemasterciry.com

An independent business
licensed to serve you by
ServiceMaster Clean

A Quality Restoration Vendor

## ServiceMASTER Clean

### Carpet & Furniture Specialists

- Total Home Cleaning
- Spot Removal
- Pet Odor Removal
- Duct Work Cleaning
- Room Deodorization
- Carpet Fabric Protection
- Residential/Commercial Cleaning
- Furniture Cleaning
- Carpet Cleaning
- Janitorial Services
- Fire/Smoke/Water Damage Restoration

Call for a Free Estimate

## Restoring peace of mind. More policy renewals

*Put your mind at ease—recommend ServiceMaster Clean for emergency fire and water cleanup and put your policyholders' lives back to normal.*

### (773) 388-9200

### 24 Hour 7 Days A Week 365 Days A Year

Around-the-clock Emergency Service
Complete Fire & Water Damage Specialists

## Communication with policyholders

Emergency fire damage itself is upsetting enough for your customers, but a confusing or substandard restoration process can cause them to switch insurance carriers. We know that keeping your customer happy means more policy renewals and a smoother claims process.

## Communication with agents

We also contact you to relay the scope of the damage the policyholder's state of mind so you are better informed and better equipped to help with you policyholder. We also work closely with the claim representative.

- Antiques & Fine Art Restoration
- Biohazard cleaning
- Carpet, Rug and upholstery cleaning
- Complete building and contents cleaning
- Data and Document Recovery
- Mold Remediation
- Furniture Refinishing
- HVAC Duct Cleaning
- Restoration Dry Cleaning
- Soot Removal

A ServiceMASTER
(BRAND)