IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT A. GREEN, individually and as
the representative of a class of similarly
situated persons,

        Plaintiff

        v.

SERVICE MASTER ON LOCATION SERVICES
CORP.,

        Defendant.

No. 07 C 4705

The Honorable William J. Hibbler

## MEMORANDUM OPINION AND ORDER

Robert A. Green, an Illinois corporation (Green), alleges that Service Master On Location Services Corporation (SMOLS) sent it[1] an unsolicited facsimile in violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(1)(C). Green brings suit against SMOLS on behalf of itself and other similarly situated persons and asks the Court to certify a class. SMOLS objects but raises no arguments with any merit.

A plaintiff seeking class certification must prove that the proposed class meets the requirements of Rule 23(a) of the Federal Rules of Civil Procedure. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006). Under Rule 23(a), a court may certify a class if: 1) the class is so numerous that joinder of all members is impracticable; 2) questions of law or fact are common to the class; 3) the claims of

---

[1] Throughout its motion, the Plaintiff refers to itself as "he." Although Robert Green, a person, may be connected to or indeed the sole shareholder of Robert A. Green the corporation, a corporation does not have a gender, and the Court urges counsel to be clear when referring to the Plaintiff.

1

the representative parties are typical of the claims of the class; and 4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

After the plaintiff meets the threshold requirements of Rule 23(a), it must then satisfy one of the conditions of Rule 23(b) before a court will certify a class. *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 676 (7th Cir. 2001). Green argues that certification is proper under Rule 23(b)(3) because the common questions of law or fact predominate over questions affecting individual members and that the class action is a superior method for adjudicating the dispute. Fed. R. Civ. P. 23(b)(3).

SMOLS purchased from Thimothy Design a list of 2000 names and fax numbers, all of which were located within five miles of zip code 60613. SMOLS never called any of the companies or received express permission to send faxes to them. (Dachmach Dep. at 41-42). SMOLS's President testified that he could identify some businesses on the list of 2000 with which SMOLS had a preexisting business relationship. (Dachmach Dep. at 46-53). Between September 2006 and June 2007, SMOLS sent faxes to 409 of these businesses on nine separate days of mass broadcasting. (Pl. Ex. D).

SMOLS does not contest numerosity and Green puts forth evidence that the proposed class contains up to 409 members. This number is more than sufficient to meet the requirements to demonstrate numerosity. *McCabe v. Crawford & Co.*, 210 F.R.D. 631, 643 (N.D. Ill. 2002); *Swanson v. Am. Consumer Indus.*, 415 F.2d 1326, 1333 (7th Cir.1969). Nor does SMOLS contest the adequacy of the class representative or class counsel. The Court observes that Green has been a willing participant in the litigation and does not have any interests antagonistic to those of the other class members. *See Uhl v. Thoroughred Tech. And Telecom, Inc.*, 309 F.3d 978, 985 (7th Cir. 2002). The

Court also observes that class counsel has litigated multiple TCPA claims. Accordingly, the Court finds that Green has demonstrated the adequacy of representation.

SMOLS argues that the class members claims lack commonality and typicality. SMOLS intertwines with this argument an argument that individual issues predominate over common issue and therefore certification under 23(b)(3) is not appropriate. Commonality requires a showing of a common nucleus of operative fact. *Keele v. Wexler*, 149 F. 3d 589, 594 (7th Cir. 1998). Typicality is satisfied if the class representative claim "arises form the same event or practice or course of conduct that gives rise to the other class members and his or her claims are based on the same legal theory." *De La Fuente v. Stokely Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983).

In support of these arguments, SMOLS first suggests that some class members might have consented to receiving faxes from it and that others might have an established business relationship with it. Thus, SMOLS argues, the class members would need to prove that the fax sent to it was unsolicited, which would require a series of mini-trials for each class member. SMOLS relies primarily upon a decision from the Eastern District of Pennsylvania. *Forman v. Data Transfer, Inc.*, 164 F.R.D. 400 (E.D. Pa. 1995).

SMOLS's argument is not convincing. First, it ignores the testimony of its President, who testified that SMOLS never received express permission from anyone to send the faxes and that he could identify only a limited number of businesses on the potential class list with whom SMOLS had a pre-existing business relationship. Contrary to SMOLS's argument, excluding those entities who had a pre-existing relationship with it would be a relatively simple task (even if Green objected to the exclusion of the dozen or so potential class-members with whom SMOLS claims a pre-existing business relationship).

Second, courts in this district and Illinois courts have widely criticized the logic of *Forman* or otherwise rejected this line of reasoning. *See, e.g. C.E. Design v. Beaty Constr., Inc.*, No. 07 C 3340, 2009 WL 192481, *4 (N.D. Ill. Jan. 26, 2009); *G.M. Sign, Inc. v. Franklin Bank, S.S.B.*, No. 06 C 949, 2008 WL 3889950, at * 6 (N.D. Ill. Aug. 20, 2008); *Saf-T-Gard Int'l, Inc. v. Wagener Equities, Inc.*, 251 F.R.D. 312, 315 (N.D. Ill. 2008); *Hinman v. M and M Rental Ctr.*, 545 F.Supp.2d 802, 806 (N.D. Ill. 2008); *Travel 100 Group v. Empire Cooler Serv.*, No. 03 CH 14510, 2004 WL 3105679, at *3 (Ill. Cir. 2004). In this criticism, courts have observed that in the context of certification of a TCPA class-action complaint, "the question of consent may rightly be understood as a common question" and the possibility that some class members may have consented is not sufficient to defeat class certification. *Hinman*, 545 F.Supp.2d at 806.[2] The Court finds the reasoning in these cases more persuasive and need not restate it here. The Court adds also that, taken to the extreme, SMOLS's argument would wipe away the ability to bring a class action under the TCPA or any statute in which a defendant might raise the issue of the plaintiffs' consent.

SMOLS makes two other arguments regarding commonality and typicality, both of which are frivolous. First, SMOLS suggests that it might have sent an order for takeout and not an advertisement to some of the recipients of its faxes. This hypothetical excuse is absurd. Should SMOLS wish to defend its conduct on the grounds that it did not engage in a campaign to mass transmit facsimile advertisements then it must point to evidence in the record to support its proposition. It has not, and the Court will not engage in rampant speculation in an effort to avoid certifying a class. Second,

---

[2] Further, although *Hinman* does not state so explicitly, the issue of consent is an affirmative defense, which does not defeat commonality or typicality. *Wagner v. Nutrasweet Co.*, 95 F.3d 527, 534 (7th Cir. 1996); *see also Sadowski v. Medi Online, LLC*, No. 07 C 2973, 2008 WL 2224892, * 3-4 (N.D. Ill. May 27, 2008) (observing that issue of consent is an affirmative defense).

4

SMOLS suggests that each individual plaintiff must prove that the unsolicited facsimile advertisement was sent to "*a telephone facsimile machine*" and not to a computer (emphasis in original). SMOLS's excessive emphasis aside, the plain language of the statute clearly defeats its argument. The TCPA defines a "telephone facsimile machine" as:

> equipment which has the capacity (A) to transcribe text or images, or both, from paper into an electronic signal and to transmit that signal over a regular telephone line, or (B) to transcribe text or images (or both) from an electronic signal received over a regular telephone line onto paper. 47 U.S.C. § 221(a)(3).

The FCC clarified that this definition includes computers. *See Hinman v. M & M Rental Ctr., Inc.*, 596 F.Supp.2d 1152, 1158 (N.D. Ill. 2009) (citing *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order Adopted June 26, 2003, and released July 3, 2003, at ¶ 200, 18 FCC Rcd. 14014, 14033 (2003).

In this case, SMOLS engaged in a standardized course of conduct vis-a-vis the class members. It transmitted, over a course of 9 separate days, faxes to hundreds of recipients based upon a list that it purchased from Thimothy Design. The Court finds that the claims of class members share a common nucleus of operative fact and that Green's claim is typical of those of the class members. Similarly, the Court finds that the common issues predominate over individual issues.

SMOLS next argues that the class action is not a superior method for adjudicating these claims. In support, SMOLS raises arguments that have been squarely rejected by the Seventh Circuit. SMOLS argues that Congress did not intend that the TCPA serve as a vehicle to bring class complaints and that the available $500 to $1500 penalty is both sufficient to encourage individual plaintiffs to bring suit in small claims courts and to deter conduct of theoretical defendants. SMOLS suggests that allowing class action under the TCPA would result in unfairly large penalties (between $250,000 and $750,000 for a class of 500) and thus is not sound public policy. Of course, Congress and not the courts draft

5

public policy. *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 953 (7th Cir. 2006) (noting that it is not appropriate to use procedural devices to undermine laws that the court does not approve of). *Murray* forcefully rejects SMOLS's argument. *Id.* Congress did not make a clear expression of an intent to preclude application of Fed. R. Civ. P. 23 to the TCPA, and the Court will not read one into the statute.

Resolution of the issues on a classwide basis, rather than thousands (or zero) individual lawsuits is an efficient use of judicial resources. The superiority requirement of Rule 23(b) is satisfied. *See, e.g., C.E. Design*, 2009 WL 192481, at *9-10 (certifying class for TCPA claim); *G.M. Sign, Inc.,*, 2008 WL 3889950, at * 6 (certifying class for TCPA claim); *Sadowski*, 2008 WL 2224892, at *5-6 (certifying class for TCPA claim); *Hinman*, 545 F.Supp.2d at 807 (certifying class for TCPA claim).

The Court find that Plaintiff has satisfied the requirements for class certification under Rule 23(a) and 23(b)(3) and therefore GRANTS Plaintiff's Motion to Certify the Class. As a final note, SMOLS objects to Green's proposed class definition. Specifically, SMOLS wishes to insert two limiting clauses in Green's proposed definition. One concerns ownership of the machine to which SMOLS sent the fax. The second concerns consent. At least one court in this district included such limiting clauses in the class definition. *Sadowski*, 2008 WL 2224892, at *5. The court noted that the class definition provides "precise, objective criteria that would be within the personal knowledge of the potential class member," thus making it more apparent from the face of the notice whether a person is a potential member of the class. The Court agrees and defines the class as:

> All persons or entities who: 1), on or about 9/27/2006, 10/5/2006, 10/20/2006, 10/26/2006, 11/02/2006, 11/29/2006. 6/20/2007, or 6/22/2007, were sent a fax from Defendant offering cleaning services and listing 773-388-9200 as the telephone number to "call for a Free Estimate; 2) owned or paid for some portion of the operation of the machine on which the fax was received; and 3) had not previously consented to receiving such advertisements.

IT IS SO ORDERED.

 6/22/09
Dated

Hon. William J. Hibbler
United States District Court